J-S31002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TARO CURTIS MCCRAY | |
| Appellant | No. 102 WDA 2016 |

Appeal from the Judgment of Sentence December 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001632-2013
CP-02-CR-0007040-2010
CP-02-CR-0016734-2014

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 5, 2017**

Appellant, Taro Curtis McCray, appeals from the judgment of sentence entered on December 15, 2015, following the revocation of his probation in the Court of Common Pleas of Allegheny County. Additionally, McCray's court-appointed counsel, Christine M. Selden, Esquire, has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

Assuming the parties' familiarity with the facts and the procedural history, we elaborate only as necessary to explain our decision. On December 16, 2014, McCray entered a guilty plea to receiving stolen property and received a sentence of 18 months' probation. At that time,

McCray was on probation for, among others, a conviction for criminal attempt to commit burglary.

Probation officers, however, "took no action on the violation" as McCray "continued to do well," but "then things started to slip." N.T., Probation Violation Hearing, 9/15/15, at 3-4. In February 2015, he admitted cocaine use (which he later denied) and was taken into custody. Then in March 2015, probation officers placed him in the Renewal Program. That placement lasted until June 2015, when he was removed and taken back to jail for, among other violations, possession of contraband. After a *Gagnon II* hearing, the revocation court found that McCray violated the terms of his probation. The court later sentenced McCray to a period of incarceration of 18 to 36 months, followed by two years of probation. This timely appeal follows.

Attorney Selden has complied with the mandated procedure for withdrawing as counsel. *See Santiago*, 978 A.2d at 361 (articulating *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). McCray has not filed a response to counsel's petition to withdraw.

Counsel has identified just one issue in the *Anders* brief that McCray believes entitle him to relief: that his sentence of 18 to 36 months is excessive. This raises a discretionary aspects of sentencing claim. Our

"scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

McCray, however, did not preserve this issue in the lower court. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (explaining necessity to preserve discretionary aspects of sentencing claims). Ordinarily, we would find this sentencing claim waived. But in light of counsel's petition to withdraw, we must address McCray's contention. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this Court will review discretionary aspects of sentencing claims that were otherwise not properly preserved).

An appellant challenging the discretionary aspects of the sentence imposed must not only have preserved the claim, but must also "present a substantial question as to the inappropriateness of the sentence." **Shugars**, 895 A.2d at 1274. **See also** Pa.R.Crim.P. 2119(f). In his Rule 2119(f) statement, McCray argues that his sentence is excessive because the revocation court relied on, in effect, impermissible factors. Specifically, "that his sentence [ ][i]s excessive in that the court based its sentencing decision due to his failure to participate in any programs and that he was not motivated to make any changes in his life." Appellant's Brief, at 13. McCray's allegation that his sentence is excessive due to the revocation court's reliance on impermissible factors raises a substantial question for our

review. ***See***, ***e.g.***, ***Shugars***, 895 A.2d at 1274; ***Commonwealth v. McNabb***, 819 A.2d 54, 56-57 (Pa. Super. 2003). We proceed to the merits.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the revocation court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" ***Id***., at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court *shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed* [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in

question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

**Commonwealth v. Colon**, 102 A.3d 1033, 1044 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (case citations and quotation marks omitted).

At sentencing, the revocation court methodically explained to McCray the circumstances of his predicament and its thinking about his situation:

> Because the problem, Mr. McCray, is you've made pretty clear to all of us that you don't want to do another program and you pretty much told us that you didn't want anything else from us. And then I look at what you've done in jail, and you pretty much haven't done anything.
>
> …
>
> Telling JRS that you don't want to do anything else. "I'll stay in jail before I go to another program."
>
> …
>
> And that's my problem, because if it looked like you were making some attempts to actually change some things, I'd probably go with JRS's recommendation and put you in re-entry and make you finish reentry before I let you out.
>
> …
>
> But the problem is you've been sitting in Allegheny County jail now since February pretty much doing nothing, which shows me that, you know, you're not real interested and motivated to make any changes.
>
> So why in the world would I keep you there to do the programs?
>
> …

We're not talking about you being at … Renewal. We're talking about you. And quite frankly, even when you were at Renewal, if I recall, it was always really grudging that you were doing anything. And then you're at the jail. And you have to make your own choices when you're in jail. Nobody's telling you what to do. There's a Thinking for Change group down there. You can get on a drug and alcohol pod.

You had a clean date of January, and you got into jail on February 2nd. You weren't clean that long. Certainly some drug and alcohol support would have been a good thing. The Hope pod. You didn't do any of that. You pretty much sat there waiting for stuff to be done. Which again shows me a lack of willingness to participate in the change that you so desperately need to stay out of the criminal justice system.

And so for me, I look at that and I think that, you know, why am I going to keep you there? Why am I going to keep you at the Allegheny County Jail? It doesn't make a whole lot of sense.

Maybe you need something different. A new environment. Try some different programs so when you come out, you know, you'll actually have learned something. Something will have sunk in. You will have insight about what you need to do to stay on the right path.

N.T., Sentencing, 12/15/15, at 8-11.

The revocation court observed that the standard range of the sentencing guidelines for criminal attempt to commit burglary called for a sentence of 15 to 21 months.[1] *See id*., at 12. The court, finding that "a change of scenery" from McCray's current residence in Allegheny County

_____

[1] McCray had a prior record score of two. *See* Appellant's Brief, at 11. The offense gravity score for criminal attempt to commit burglary, 18 Pa.C.S.A. §§ 901(a); 3502(a)(1), is eight, *see* 204 Pa. Code. §§ 303.3(c)(1); 303.15, leaving the standard range of the sentencing guidelines at 15-21 months, *see* 303.16(a)

Prison "would be a good thing," imposed a sentence of incarceration of 18 to 36 months. *Id*.

The sentencing guidelines do not apply in revocation proceedings. *See*, *e.g.*, *Commonwealth v. Pasture*, 107 A.3d 21, 27 (2014). Here, however, the revocation court imposed a sentence squarely within the standard range of the sentencing guidelines. This standard range sentence would have been presumptively reasonable at the initial sentencing, *see*, *e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006), let alone on revocation.

The sentence imposed by the revocation court is in no way excessive—nor did the court rely on any impermissible factors in imposing sentence. Thus, McCray's challenge to the discretionary aspects of his sentence fails.

After examining the issues contained in the *Anders* brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/2017</u>